## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALEJANDRO LORENZO-ZAMORANO, et al.,

     Plaintiffs,

v.                                   CASE NO: 8:11-cv-2105-T-26TBM

OVERLOOK HARVESTING COMPANY, LLC, et al.,

     Defendants.

_____/

### O R D E R

Before the Court is Plaintiffs' Motion for Permissive Joinder and for Leave to File Amended Complaint.  (Dkt. 49).  After careful consideration of the motion and the file in this action for unpaid wages on theories of breach of contract and violations of the Fair Labor Standards Act (the FLSA) and Florida Minimum Wage Provisions of the Florida Constitution, the Court concludes that a response is unnecessary and that the motion should be denied.

Earlier in this case, Plaintiffs sought to certify a class.[1]  On September 14, 2011, Judge Steele adopted Magistrate Judge Frazier's report and recommendation only in part[2] and denied the motion for class certification, stating "whether there were breaches of

_____

[1]  See docket 24.

[2]  See docket 36.

contract with regard to payment of wages" must be determined on an individual basis, and therefore this action was not suitable to be treated as a class action. The district court set forth the highly individualized calculations necessary to prove the breaches. The district court noted that the weekly work records for two harvest seasons would need to be examined to ascertain whether each Plaintiff was paid the appropriate amount based on the correct rate. In short, on the breach of contract claim alone, tedious, individualized calculations will necessarily take place, and thus class certification was denied.

Plaintiffs now request this Court to permit joinder of some additional eighty "H-2A workers." Even assuming the claims of the additional eighty potential plaintiffs may be identical to the fourteen Plaintiffs, as asserted by Plaintiffs,[3] the district court originally assigned to this case has already decided that class consideration was not suitable for the individualized assessment regarding breach of contract and violations of the FLSA and Florida's provisions on minimum wage. Consequently, joinder of so many more Plaintiffs would not serve to expedite the resolution of this case, as is the purpose of Federal Rule of Civil Procedure 20. See Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). Plaintiffs' request for joinder appears as though it is an attempt to circumvent a prior ruling in this case. If numerous Plaintiffs are joined at this time, there may very well be a request for severance of the trials based on any one particular Plaintiff's

---

[3] See docket 49 at p. 7 ("The claims by the 80 persons whose joinder is sought are identical to those of the current 14 Plaintiffs . . .").

individual circumstances, which would not lend itself to any promotion of convenience at trial, another object of Rule 20.  Swan, 293 F.3d at 1253.

It is therefore **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Permissive Joinder and for Leave to File Amended Complaint (Dkt. 49) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on March 2, 2012.


   s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>COPIES FURNISHED TO</u>:
Counsel of Record